NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

AUG 13 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANGELA WILLIAMS; JANE DOE(S), # 1, # 2, | No. 25-5027 |
| Plaintiffs - Appellees, | D.C. No. 2:21-cv-01676-APG-MDC |
| v. | MEMORANDUM* |
| SHAC, LLC; SHAC MT, LLC, | |
| Defendants - Appellants, | |
| LAS VEGAS BISTRO, LLC, d/b/a Larry Flynt's Hustler Club, WESTERN BEST, LLC, JAMAL RASHID, WESTERN BEST, INC., d/b/a Chicken Ranch, MALLY MALL MUSIC, LLC, FUTURE MUSIC, LLC, PF SOCIAL MEDIA MANAGMENT, LLC, EXCLUSIVE BEAUTY LOUNGE, LLC, FIRST INVESTMENT PROPERTY LLC, V.I.P. ENTERTAINMENT, LLC, MP3 PRODUCTIONS, INC., MMM PRODUCTIONS, INC., E.P. SANCTUARY, BLU MAGIC MUSIC, LLC, STEVE SISOLAK, Governor of Nevada, in his official capacity, Mr. AARON DARNELL FORD Esquire, CITY OF LAS VEGAS, CLARK COUNTY NEVADA, COUNTY OF NYE, | |

_____

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Defendants.

Appeal from the United States District Court
for the District of Nevada
Andrew P. Gordon, District Judge, Presiding

Submitted August 11, 2026[**]
Reno, Nevada

Before: OWENS, FORREST, and VANDYKE, Circuit Judges.

Defendants-Appellants SHAC, LLC d/b/a Sapphire Gentleman's Club and SHAC MT, LLC (collectively, "Sapphire") appeal from the district court's order denying their motion to compel Jane Doe #2 ("JD2") to arbitration. As the parties are familiar with the facts, we do not recount them here. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review "de novo the district court's denial of a motion to compel arbitration, including its determination that a party has waived the right to arbitrate." *Hill v. Xerox Bus. Servs., LLC*, 59 F.4th 457, 468 (9th Cir. 2023) (internal quotation marks and citation omitted). "[T]he test for waiver of the right to compel arbitration consists of two elements: (1) knowledge of an existing right to compel arbitration; and (2) intentional acts inconsistent with that existing right."

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

2                                                                              25-5027

*Id.* (citation modified). Sapphire both knew of an existing right to compel arbitration and acted inconsistently with that right.

As a condition of employment, Sapphire requires all entertainers to sign a "valid and binding arbitration agreement, which Sapphire enforces." Consequently, Sapphire knew of its right to compel arbitration with its entertainers, even if it did not know JD2's name and could not move to enforce the arbitration agreement. *See id.* at 469 ("[W]e have never suggested that for waiver purposes, knowledge of an existing right to arbitrate requires a present ability to move to enforce an arbitration agreement.").

Sapphire acted inconsistently with its existing right to compel arbitration when it actively sought merits determinations, including filing a motion to dismiss for failure to state a claim and answering the complaint. *See Van Ness Townhouses v. Mar Indus. Corp.*, 862 F.2d 754, 756, 758–59 (9th Cir. 1988) (finding waiver when party answered complaints, moved to dismiss the action, and did not claim a right to arbitration in any of the pleadings). Only after losing on the merits did Sapphire mention for the first time its right to arbitrate. Sapphire's actions, "even if seemingly commonplace and not an express disavowal of arbitral forums, evinced [its] partiality for a judicial resolution of the claims." *Hill*, 59 F.4th at 472.

We also reject Sapphire's argument that it did not act inconsistently with its right to arbitrate, as it "had no other option; without [JD2]'s identity, [it] simply

25-5027

could not move to compel arbitration."  We have "never held that a party can act inconsistent with its arbitration rights only if the relevant actions are themselves express denials of the right to arbitrate." *Id.* at 471.  Instead, Sapphire's efforts, including the fact that it sought judgment on the merits, show its "partiality for a judicial resolution of the claims." *Id.* at 472.  Taken together, Sapphire's actions are inconsistent with the right to compel arbitration, and it has thus waived such right.

**AFFIRMED.**